# In the United States District Court
## for the Southern District of Georgia
### Brunswick Division

RICKY LEWIS EVANS, : CIVIL ACTION

    Plaintiff, :

v. :

WAYNE V. BENNETT and LOUISE : 
CLIFTON NEWSOME,

    Defendants.                NO. CV208-154

## O R D E R

Plaintiff, Ricky Lewis Evans, filed the above-captioned case against Defendants, Glynn County Sheriff Wayne V. Bennett and Louise Clifton Newsome, asserting Eighth Amendment claims pursuant to 42 U.S.C. § 1983.

The Magistrate Judge conducted a frivolity review and entered a report and recommendation, which suggested that Plaintiff's claims ought to be dismissed in their entirety. Presently before the Court are Evans' objections to the report and recommendation.

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To warrant dismissal on this ground, a plaintiff's complaint must be based on "indisputably meritless" legal theories or the factual allegations must be

"clearly baseless." Id. at 327.

The report and recommendation found that dismissal was warranted because "Plaintiff made no factual allegations in his Complaint against Defendants." Dkt. No. 6 at 2. The report and recommendation also stated that Evans appeared to hold Bennett and Newsome liable based solely on their supervisory positions at the Glynn County Jail.

The Magistrate Judge correctly noted that there is no respondeat superior liability under § 1983. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801-02 (11th Cir. 1998). Yet, a supervisor may be liable under § 1983, either where he personally participated in the constitutional violation, or where there is a causal connection between the supervisor's conduct and the alleged violation. Id. at 802.

The Court agrees that Evans has made no attempt to explain why Sheriff Bennett is liable, and dismissal is warranted as to the claim made against him. In contrast, Evans' complaint does set forth factual allegations against Newsome, and dismissal is not proper as to Evans' claim against her.

Of course, when a Court applies the Rule 12(b)(6) framework, as is applicable here, see Dkt. No. 6 at 2, the Plaintiff is not required to "show," demonstrate, or prove

2

anything.[1] Rather, the Court considers the legal sufficiency of the complaint, taking Plaintiff's allegations as true. In this case, though, Evans has presented evidence of Newsome's personal participation in the alleged deliberate indifference to Plaintiff's serious medical needs. Dkt. No. 1 at 7. That suffices to state a claim against her under Braddy.

Evans' objection is **SUSTAINED** in part, and **OVERRULED** in part. Evans' claim against Newsome is not obviously frivolous, but Evans' claim against Sheriff Bennett is **DISMISSED**. Dkt. No. 10.

**SO ORDERED**, this __9th__ day of April, 2009.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court does note that Conley v. Gibson's "no set of facts" language has been disavowed by the Supreme Court. 355 U.S. 41, 45 (1957); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-63 (2007).

3